**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| KEITH DALE MARTIN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 10-CV-648-TCK-PJC |
| ) | |
| GREG PROVINCE, Warden, ) | |
| ) | |
| Respondent. ) | |

**OPINION AND ORDER**

On October 12, 2010, Petitioner, a state inmate appearing *pro se*, filed a "motion for leave to file petition for writ of habeas corpus/ petition for writ of habeas corpus/ brief in support" (Dkt. # 1), and a motion to proceed *in forma pauperis* (Dkt. # 2). After being denied leave to proceed *in forma pauperis*, see Dkt. # 3, he paid the $5.00 filing fee. In his petition, Petitioner challenges the constitutionality of his convictions entered in Tulsa County District Court, Case No. CF-1997-2114. For the reasons discussed below, the Court finds the petition for writ of habeas corpus should be dismissed for lack of jurisdiction as a second or successive petition filed without prior authorization from the Tenth Circuit Court of Appeals.

Petitioner has in the past filed another habeas corpus action in this Court, Case No. 99-CV-775-TCK, challenging the same convictions and sentences at issue in this case. In that case, the Court denied the petition by Order entered September 30, 2002. The Court's Order substantively addressed federal grounds for setting aside Petitioner's state conviction. Judgment was entered on September 30, 2002. Petitioner appealed to the Tenth Circuit Court of Appeals. On June 19, 2003, the appellate court denied a certificate of appealability and dismissed the appeal.

Petitioner continued his efforts to obtain habeas relief from his conviction entered in Tulsa County District Court, Case No. CF-1997-2114, by filing post-judgment motions in N.D. Okla. Case No. 99-CV-775-TCK. On October 23, 2003, Petitioner filed a motion to file an amended brief in support of his petition, along with an affidavit. By Order filed November 4, 2003, the Court found that since full consideration had been given to Petitioner's claims and the case was closed, there was nothing to amend and his motion to amend was summarily denied. Petitioner was further advised that to seek federal habeas corpus review of additional claims, he must be able to make the showing required to receive authorization to file a second or successive petition for writ of habeas corpus. Citing 28 U.S.C. § 2244(b)(3), the Court also advised Petitioner that before filing any second or successive petition in this District Court, he must first file the appropriate motion in the Tenth Circuit Court of Appeals. In addition, almost two (2) years later, on October 25, 2005, Petitioner filed a motion for relief from judgment. By Order filed October 27, 2005, the Court determined that the Rule 60(b) motion was a second or successive habeas corpus petition filed without prior authorization from the Circuit Court of Appeals and, for that reason, transferred the motion to the Tenth Circuit for authorization. In two (2) separate orders, the first filed February 1, 2006, and the second filed March 27, 2006, the Tenth Circuit denied Petitioner's requests for authorization to file a second or successive petition for writ of habeas corpus. Next, on June 15, 2006, Petitioner filed a second notice of appeal from the Court's Order entered September 30, 2002. On July 7, 2006, the Tenth Circuit dismissed the attempted appeal as untimely. The docket sheet for Case No. 99-CV-775-TCK reflects that in 2008, the Tenth Circuit denied two more requests for authorization to file a successive habeas corpus petition.

Despite his repeated unsuccessful attempts to file a successive habeas corpus petition, Petitioner has now filed his "motion for leave to file petition for writ of habeas corpus/petition for

writ of habeas corpus/ brief in support" (Dkt. # 1). As Petitioner is well aware, he must first obtain authorization from the Tenth Circuit Court of Appeals before filing a second or successive habeas petition in the District Court. See Moore v. Schoeman, 288 F.3d 1231, 1236 (10th Cir. 2002). Given the Court's consideration of Petitioner's first habeas corpus petition and the treatment of his numerous post-judgment motions filed in that case, the instant petition is a successive habeas corpus petition. Nothing in the record indicates that Petitioner has received authorization from the Court of Appeals before filing his petition in this Court. See 28 U.S.C. § 2244(b)(3)(A).

The Tenth Circuit Court of Appeals has determined that "[w]hen a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction." In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008). Citing Trujillo v. Williams, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006), the appellate court stated that "[f]actors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." Cline, 531 F.3d at 1251. "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter to this court for authorization." Id. at 1252 (citing Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999) (noting that it is a waste of judicial resources to require the transfer of frivolous, time-barred cases)).

Upon examination of the petition filed in this case, the Court finds that both claims[1] identified therein are time-barred.  As a result, it would be a waste of judicial resources to transfer the petition. Petitioner raises grounds based on trial court errors. Neither claim is based on new evidence or an intervening change in law.  The claims are clearly time barred.[2]  Nothing suggests that Petitioner is entitled to either statutory or equitable tolling of the one-year limitations period. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). Equitable tolling applies only in "rare and exceptional circumstances." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000) (citing Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998)).  Petitioner has the duty to pursue his federal claims

---

[1] In his petition (Dkt. # 1), Petitioner identifies two claims, as follows:

Ground one:  The Judgment and Sentence filed December 17, 2009, in the District Court of Tulsa County, for the conviction had in Count One, in case number CRF-97-2114 is void and illegal in violation of Petitioner Martin's Fifth and Fourteenth Amendment Constitutional Rights.

Ground two:  That because the conviction had in Count One, in case number CRF-97-2114 is void and illegal, in violation of Petitioner Martin's Fifth and Fourteenth Amendment Constitutional Rights, the conviction had in Count Five, in case number CRF-97-2114, for the crime of "Felonious Escape from Lawful Custody" is void and illegal, in violation of Petitioner Martin's Fifth and Fourteenth Amendment Constitutional Rights.

[2] The Court recognizes that on December 17, 2009, the state district court corrected Petitioner's original Judgment and Sentence, by order nunc pro tunc, to show that his conviction on Count 1 was for Possession of Controlled Drug, After Former Conviction of Two or More Felonies, instead of Possession of Controlled Drug With Intent to Distribute, After Former Conviction of Two or More Felonies, as charged. See Dkt. # 1, Ex. A.  Entry of the amended judgment cured a clerical error in the original judgment. Petitioner was aware of the clerical error at the time of his 1998 direct appeal and he requested nunc pro tunc correction of the judgment at that time.  Because the amended judgment merely corrected a clerical error, its entry does not serve to restart Petitioner's one-year limitations period. See, e.g., Coville v. McKenna, 192 Fed.Appx. 641 (9th Cir. 2006) (unpublished); United States v. Greer, 79 Fed.Appx. 974 (9th Cir. 2003) (unpublished). Therefore, Petitioner's one-year limitations period for the claims identified in this most recent attempt to obtain habeas corpus relief expired one year after his convictions became final or more than ten (10) years before he filed this petition.

with reasonable diligence and must demonstrate "that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000); see also Miller, 141 F.3d at 978.

Because the claims asserted in this successive petition for writ of habeas corpus are untimely, the Court finds it would be a waste of judicial resources to transfer this matter to the Tenth Circuit for authorization. Therefore, the petition shall be dismissed.

**ACCORDINGLY IT IS HEREBY ORDERED that**:

1. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed** for lack of jurisdiction as a successive petition filed without prior authorization from the Tenth Circuit Court of Appeals.

2. A separate judgment shall be entered in this matter.

DATED THIS 8th day of December, 2010.

_____
TERENCE C. KERN
UNITED STATES DISTRICT JUDGE